IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JARYAN GILLS, # R07179,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| **ARTHUR FUNK,** | ) |
| **LOUIS SHICKER,** | ) |
| **S.N. WAOBAIS,** | ) Case No. 13-cv-00791-GPM |
| **ROBERT L. SHEARING,** | ) |
| **NIKKE MALLEY,** | ) |
| **FAHIM,** | ) |
| **SHAPARD,** | ) |
| **FUENTES,** | ) |
| **HARRINGTON,** | ) |
| **ATCHISON, and** | ) |
| **UNKNOWN PARTIES,** | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Plaintiff Jaryan Gills, an inmate currently housed in Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, regarding the medical care he received (or was denied) while he was housed at Menard Correctional Center between June 6, 2011, and April 25, 2013.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

>(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under Section 1915A and dismiss the complaint without prejudice and with leave to amend.

## The Complaint

According to the complaint (Doc. 1), prior to Plaintiff's arrival at Menard Correctional Center ("Menard") in June 2011, doctors at the Cook County Jail and Stateville Correctional

Center had recommended surgery to remove four bullets that are lodged in his legs, and additional surgery to repair an inguinal hernia. The bullets and the hernia cause Plaintiff severe pain and difficulty walking and climbing stairs, which has not been alleviated by the medication and treatment offered during the time he was at Menard. Plaintiff fears that if his ailments go untreated—if he is not give the recommended surgeries—he could die.

Plaintiff alleges that the ten named defendants, as well as unidentified others, were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment, despite all having the authority to make recommendations and final decision[s] concerning" his medical care (Doc. 1, p. 7, ¶ 32). In the complaint, Plaintiff asserts that each defendant had "personal knowledge and involvement" (Doc. 1, p. 3), and that he "had face to face conversations with nearly all the defendant(s) written many letters … complaining and requesting medical treatments" (Doc. 1, p. 7, ¶ 31). Medical records, letters and grievances are submitted in support of the claims (*see* Doc. 1, pp. 12-32).

Based on the allegations of the complaint, and without regard to the merit of any claim, the Court finds it convenient to summarize the *pro se* action in a single count:

> **Count 1:  Between June 6, 2011, and April 25, 2013, Defendants Arthur Funk, Louis Shicker, S.N. Waobais, Robert L. Shearing, Nikki Malley, Fahim, Shapard, Fuentes, Harrington, Atchison and other unknown parties were deliberately indifferent to Plaintiff Gills' serious medical needs, including pain, in violation of the Eighth Amendment.**

## Discussion

The Eighth Amendment guarantees adequate medical care to prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment's proscription against "cruel and unusual punishments." *Greeno v. Daley,* 414 F.3d 645, 652–53 (7th Cir. 2005), *citing Estelle v. Gamble,* 429 U.S. 97,

104 (1976).  *Accord Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816, 828 (7th Cir. 2009) ("Deliberate indifference to serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution.").  A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated.  *Gayton v. McCoy,* 593 F.3d 610, 620 (7th Cir. 2010).  Nevertheless, a prisoner's mere disagreement over the proper course of treatment is not an Eighth Amendment violation.  *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

The Seventh Circuit Court of Appeals has previously opined that deliberate indifference could be inferred from a doctor's two-year delay in authorizing hernia surgery.  *Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir. 2011).  Therefore the complaint suggests a colorable Eighth Amendment claim.  However, that does not end the analysis, even at this preliminary stage in the proceedings.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation."  *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  Accordingly, there is no *respondeat superior* liability under Section 1983.  *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001).  Merely naming a defendant in the caption is insufficient to state a claim.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Only four of the ten defendants named in the case caption are actually mentioned in the narrative portion of the complaint:  Illinois Department of Corrections ("IDOC") Medical Director Dr. Louis Shicker, Menard Medical Director Dr. Robert L. Shearing, Warden

Harrington, and Warden Atchison. The complaint contains an initial assertion that all defendants had personal knowledge and involvement. However, that blanket assertion is insufficient in light of the statement that Plaintiff "had face to face conversations with *nearly all* the defendant(s)" (Doc. 1, p. 7, ¶ 31) (emphasis added)—which begs the question of personal involvement. Although only notice pleading is required under Federal Rule of Civil Procedure 8, as explained above, a complaint must still offer "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). There is nothing else in the complaint upon which to discern an actionable claim against Defendants Dr. Arthur Funk, Dr. S.N. Waobais, Menard Health Care Unit Administrator Nikki Malley, Dr. Fahim, Dr. Shapard, Dr. Fuentes and the unidentified parties. Therefore, they must all be dismissed, albeit without prejudice.

With respect to Warden Atchison and Warden Harrington, the complaint alleges and documentation reflects that they received and denied Plaintiff's grievances regarding medical care. However, a warden cannot be held liable for the constitutional violations of his subordinates merely because he is the chief administrative officer of the prison; he must have personally participated in or approved of the violations. *See Johnson v. Snyder*, 444 F.3d 579, 583–84 (7th Cir. 2006); *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). "Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609–10 (7th Cir. 2007). Therefore, the claims against Warden Atchison and Warden Harrington will be dismissed with prejudice.

As for Dr. Shicker, the IDOC Medical Director, he reviewed Plaintiff's situation at the request of IDOC Director Godinez (Doc. 1, p. 16). Dr. Shicker characterized the two procedures sought by Plaintiff as "elective" and indicated that medical personnel at Menard would monitor

and adjust treatment as necessary (Doc. 1, p. 16). Dr. Shicker's involvement falls within the administrative review process, as opposed to personal involvement in treatment decisions. And, as already noted above, denying a prisoner's grievance or medical request is insufficient to create liability. Furthermore, there is nothing suggesting deliberate indifference. Prison directors and wardens are entitled to relegate to prison medical staff the provision of adequate medical care, *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009), and Shicker was relying upon those at the institutional level to care for Plaintiff. Therefore, the claim against Dr. Shicker will be dismissed with prejudice.

As for Dr. Shearing, the medical director at Menard, he reviewed Plaintiff's medical records in response to a letter from Plaintiff. He offered his medical opinion that the risks of removing the bullets were outweighed by the risk of leaving them in place, and the hernia was not of a nature at that time that made surgery a medical necessity. Arguably, Dr. Shearing was acting as a medical professional, as opposed to an administrator, and Plaintiff was under his care at Menard. For a medical professional to be held liable for deliberate indifference, he must have made a decision that is "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter,* 541 F.3d 688, 697 (7th Cir. 2008), *quoting Sain v. Wood,* 512 F.3d 886, 895 (7th Cir. 2008). Even considering the allegations and documents submitted along with the complaint in the light most favorable to Plaintiff, the claim against Dr. Shearing fails.

Although the physicians at the Cook County Jail and Stateville Correctional Center may have recommended surgery, they obviously did not see a pressing need for surgery since they did not proceed with surgery themselves. The initial decision not to remove the bullets is consistent

with Dr. Shearing's explanation that scar tissue would serve to stabilize the bullets, making surgery the riskier option over time. Dr. Shearing explained his analysis in detail and left open the possibility of surgery for the hernia, which could become "non-reducible" in the future. Thus, there is nothing in the complaint to edge this claim from possibility to plausibility, and to suggest a substantial departure from accepted professional judgment, practice, or standards. Therefore, the claim against Dr. Shearing will also be dismissed with prejudice.

**Pending Motion**

Although all claims against all defendants have been dismissed at this juncture, some must be dismissed without prejudice. Therefore, the Court will consider Plaintiff's motion for appointment of counsel (Doc. 3).

Plaintiff explains that he is indigent, and he has been diagnosed as being bipolar and depressed, for which he takes multiple psychotropic drugs. A mental health assessment dated July 19 indicates that Plaintiff is not experiencing any thought, mood, impulse or coping issues (*see* Doc. 3). A jailhouse lawyer assisted Plaintiff in drafting the complaint and subject motion.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc*., 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola,* 718 F.3d 692, 696 (7th Cir. May 29, 2013), *citing Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007). If so, the Court must examine "whether the difficulty of the

case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar,* 718 F.3d at 696, *quoting Pruitt,* 503 F.3d at 655. "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt,* 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id.*

The Court will assume that Plaintiff is financially unable to retain counsel. Nevertheless, Plaintiff has not demonstrated that he has attempted to secure representation. In any event, the complaint demonstrates that Plaintiff can adequately convey his claims, albeit with assistance from a jailhouse lawyer. Therefore, the Court is confident that Plaintiff is capable of drafting an amended complaint that can pass muster—assuming the claims he wants to plead fit within the legal parameters discussed in this order. Of course, the Court will remain open to recruiting counsel as the case progresses. Consequently, Plaintiff's motion for counsel (Doc. 3) shall be denied.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Defendants **DR. ARTHUR FUNK**, **DR. S.N. WAOBAIS**, **NIKKI MALLEY**, **DR. FAHIM**, **DR. SHAPARD**, **DR. FUENTES** and **UNIDENTIFIED PARTIES** are **DISMISSED** from this action without prejudice. On or before 30 days from the date of this Order, (Monday, September 30, 2013), Plaintiff shall file an amended complaint against these defendants. Failure to file an amended complaint by the prescribed deadline will result in this action being dismissed pursuant to Federal Rule of Civil Procedure 41(b), and Plaintiff may be assessed a strike under 28 U.S.C. §

1915(g).  Any amended complaint will be subject to preliminary review pursuant to 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that, for the reasons stated, Defendants **LOUIS SHICKER**, **ROBERT L. SHEARING**, **HARRINGTON** and **ATCHISON** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion for counsel (Doc. 3) is **DENIED**.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:  August 30, 2013

                                                                    s/ *G. Patrick Murphy*
                                                                    G. PATRICK MURPHY
                                                                    United States District Judge