IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JARYAN GILLS, # R07179, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-00791-JPG |
| | ) |
| ARTHUR FUNK, | ) |
| LOUIS SHICKER, | ) |
| S.N. WAOBAIS, | ) |
| ROBERT L. SHEARING[1], | ) |
| NIKKI MALLEY, | ) |
| FAHIM, | ) |
| SHAPARD, | ) |
| FUENTES, | ) |
| HARRINGTON, | ) |
| ATCHISON, and | ) |
| UNKNOWN PARTIES, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Jaryan Gills, an inmate currently housed in Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff takes issue with the medical care he received (or was denied) while he was housed at Menard Correctional Center between June 6, 2011, and April 25, 2013. He may also be alleging a continuing violation, but that is not clear. Plaintiff's initial complaint was dismissed without prejudice because Plaintiff failed to state a viable claim against any named defendant (*see* Doc. 7).

---

[1] The Court has taken judicial notice of the fact that Defendant "Robert L. Sheary" is a misnomer. The medical director's last name is "Shearing" (*see* Doc. 1, p. p. 24).

Plaintiff Gills' amended complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557.

## The Amended Complaint

According to the amended complaint[2], when Plaintiff entered the custody of the Illinois Department of Corrections in 2011 he was suffering from an inguinal hernia and had four bullets lodged in his body. Because surgery has not been performed, Plaintiff has remained in pain.

The amended complaint asserts that "all defendants" were put on notice of Plaintiff's condition by way of oral and written complaints, letters and grievances. "Defendants failed in their duty" and were deliberately indifferent because Plaintiff, who was in great pain, had to walk up and down stairs to get to higher galleries, and climb up and down from a high bunk. All defendants also purportedly "have full authority to make recommendation[s] and final

---

[2] In accord with Federal Rule of Civil Procedure 8 and Local Rule 15.1, the amended complaint is reviewed *without* reference to the original complaint.

decisions[s] [but] failed to do so.  More specifically, they collectively denied Plaintiff a low bunk, low gallery, a hernia belt and surgery.  *See* Doc. 8, p. 3.

The only individualized allegations are that defendants Malley, Harrington and Atchison, as supervisors with knowledge, approved and condoned the delay in treatment, which Plaintiff asserts is sufficient personal involvement (*see* Doc. 8, p. 4).  Plaintiff stresses the duty under the Eighth Amendment to care for prisoners who cannot care for themselves, and he highlights a news article regarding delayed medical treatment for prisoners.  Plaintiff also emphasizes that he is not claiming a mere difference of opinion regarding medical care; rather, "treatment delayed is treatment denied" (Doc. 8, p. 2).

Based on the allegations of the amended complaint, and without regard to legal merit, the Court recognizes the following claim:

> **Count 1:  Between June 6, 2011, and April 25, 2013, all Defendants were deliberately indifferent to Plaintiff Gills' serious medical needs, including pain, in violation of the Eighth Amendment.**

## Discussion

The amended complaint suffers from the same deficiencies as the original complaint relative to inadequately pleaded personal involvement by each defendant.  In addition, all allegations against all defendants are not in a self-contained pleading, as is required in accordance with Federal Rule of Civil Procedure 8 and Local Rule 15.1.  There is also no prayer for relief in the amended complaint.  Although the Court is very lenient when reviewing *pro se* litigants' pleadings, the Court cannot create a viable complaint for Plaintiff by combing through the original complaint and piecing it together with the amended complaint, as Plaintiff directs.  Therefore, Plaintiff will be given one <u>final</u> opportunity to file a viable pleading.  The Court will again try to offer Plaintiff some guidance for fashioning a second amended complaint.

As already noted, the second amended complaint must contain all claims against all defendants, without reference to the original complaint or the first amended complaint. It must also contain a prayer for relief, such as requesting monetary damages, punitive damages and/or injunctive relief.

Plaintiff appears to appreciate the key legal principles, but they bear repeating. Prison officials can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). In *Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir. 2011), the Court of Appeals opined that deliberate indifference could be inferred from a doctor's two-year delay in authorizing hernia surgery. Therefore the complaint suggests a colorable Eighth Amendment claim.

However, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Only notice pleading is required under Federal Rule of Civil Procedure 8(a). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The amended complaint

offers conclusory assertions with insufficient factual allegations—even under the liberal notice pleading standard.

It is essential that Plaintiff keep in mind that Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted); s*ee also Herzog v. Village of Winnetka*, 309 F.3d 1041, 1044 (7th Cir. 2002) (causation is an element of a Section 1983 claim). Consequently, the doctrine of *respondeat superior* is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). "[S]upervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Backes v. Village of Peoria Heights, Illinois*, 662 F.3d 866, 870 (7th Cir. 2011). With that said, high level administrators are entitled to delegate the primary responsibility for specific prison functions without becoming vicariously liable for the failings of their subordinates—particularly relative to medical care. *See Burks v. Raemisch*, 555 F.3d 592, 595-96 (7th Cir. 2009). For example, merely ruling against a prisoner on an administrative grievance is insufficient for liability to attach. *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007); *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006). This is why Plaintiff's broad assertion that all defendants are liable because they were supervisors, or because they knew of his situation—without more—is insufficient, without more, to state a claim against each defendant.

Again, the amended complaint (Doc. 8) will be dismissed without prejudice because it fails to state a colorable constitutional claim against any defendant.

### Pending Motions

Plaintiff's motion for copies of the amended complaint (Doc. 9) will be denied. The Court does not provide free copies, and the amended complaint is now moot. Copies cost 50¢ per page.

Plaintiff's motions seeking an update on the status of his case (Docs. 11 and 12) will also be denied as moot. This order fully informs Plaintiff of the status of his case.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Defendants **ARTHUR FUNK**, **LOUIS SHICKER**, **S.N. WAOBAIS**, **ROBERT L. SHEARING (a.k.a. "SHEARY")**, **NIKKI MALLEY**, **FAHIM**, **SHAPARD**, **FUENTES**, **HARRINGTON**, **ATCHISON** and **UNIDENTIFIED PARTIES** are **DISMISSED without prejudice**. On or before **June 9, 2014**, Plaintiff shall file a second amended complaint. Failure to file a second amended complaint by the prescribed deadline will result in this action being dismissed pursuant to Federal Rule of Civil Procedure 41(b), and Plaintiff may be assessed a strike under 28 U.S.C. § 1915(g). Any amended complaint will be subject to preliminary review pursuant to 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that Plaintiff's motion for copies (Doc. 9) and his motions for status (Docs. 11, 12) are all **DENIED AS MOOT**.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

       **IT IS SO ORDERED.**

       **DATED: May 9, 2014**

*s/ J. Phil Gilbert*
**U.S. District Judge**
