IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JARYAN GILLS, # R07179,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 13-cv-00791-NJR |
| ) | |
| **ARTHUR FUNK,** *et al.* ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Jaryan Gills, an inmate currently housed in Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff takes issue with the medical care he received (or was denied) while housed at Stateville Correctional Center, Menard Correctional Center, and Lawrence Correctional Center. The events at issue span from March 2011 to the present.

Plaintiff's initial complaint (Doc. 1) was dismissed without prejudice because Plaintiff failed to state a viable claim against any named defendant (*see* Doc. 7). His first amended complaint (Doc. 8) was similarly dismissed without prejudice (Doc. 13).

Plaintiff's second amended complaint (Doc. 15) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) Screening.– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal.– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>         may be granted; or

>   (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557.

## The Second Amended Complaint

According to the second amended complaint,[1] when Plaintiff entered the custody of the Illinois Department of Corrections in 2011, he was suffering from an inguinal hernia and had four bullets lodged in his body. Over time, the bullets have shifted position and are now causing symptoms such as pain and numbness, and Plaintiff's hernia has become a chronic problem. Because surgery has not been performed, Plaintiff has remained in pain and, to a certain extent, been debilitated. He has had to walk up and down stairs to get to higher galleries and climb up and down from a high bunk (although since mid-2013 he has been housed on 2-gallery, given a low bunk permit, and prescribed a hernia belt).

The Court infers from the complaint that Plaintiff considers the many alleged incidents of deliberate indifference to his serious medical needs (listed in 33 separate paragraphs of the second amended complaint) a continuing violation of his rights. Plaintiff asserts that there is a conspiracy among prison officials, healthcare staff, and Wexford Health Sources, the contracted healthcare provider for the Illinois Department of Corrections ("IDOC"). He also alleges that Wexford Health Sources and the IDOC have policies and practices of making medical decisions based solely upon cost considerations, including denying surgery for hernias.

---

[1] In accord with Federal Rule of Civil Procedure 8 and Local Rule 15.1, the second amended complaint is reviewed *without* reference to the original or first amended complaints.

Based on the allegations of the second amended complaint, including Plaintiff's own enumeration of three broad categories of claims, the Court recognizes the following claims:

**Count 1: Between March 2011 and the present, all Defendants were deliberately indifferent to Plaintiff's serious medical needs, including pain, in violation of the Eighth Amendment;**

**Count 2: The IDOC and Wexford Health Sources had policies and practices denying Plaintiff medical care for his serious medical needs, in violation of the Eighth Amendment; and**

**Count 3: All Defendants conspired to deny Plaintiff medical care for his serious medical needs, in violation of the Eighth Amendment.**

The second amended complaint names 27 defendants. Plaintiff seeks declaratory judgment, nominal, compensatory and punitive damages, and affirmative injunctive relief in the form of surgical treatment.

## Discussion

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S.CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). Prison officials can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). But a prison official may be liable "only if he knows that inmates face a substantial risk of serious harm and

disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan,* 511 U.S. 825, 847 (1994). Proving deliberate indifference requires more than a showing of negligent or even grossly negligent behavior. *Id*. at 835. Rather, the corrections official must have acted with the equivalent of criminal recklessness. *Id*. at 836–37. Depending on the circumstances, however, high level administrators are entitled to delegate the primary responsibility for specific prison functions without becoming vicariously liable for the failings of their subordinates—particularly relative to medical care. *See Burks v. Raemisch*, 555 F.3d 592, 595-96 (7th Cir. 2009).

With respect to healthcare professionals, their treatment decisions are entitled to deference "unless no minimally competent professional would have so responded under similar circumstances." *Sain v. Wood*, 512 F.3d 886, 894–95 (7th Cir. 2008); *see also Duckworth v. Ahmad*, 532 F.3d 675, 682 (7th Cir. 2008). For example, when a medical professional intentionally withholds efficacious treatment, the delay may amount to deliberate indifference if the delay results in serious harm or unnecessary pain. *See Berry*, 604 F.3d at 441.

Keeping those principles in mind, the complaint generally suggests an overarching Eighth Amendment claim. *See e.g., Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir. 2011) (deliberate indifference could be inferred from a doctor's two-year delay in authorizing hernia surgery). The analysis does not end there, however.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted); s*ee also Herzog v. Village of Winnetka*, 309 F.3d 1041, 1044 (7th Cir. 2002) (causation is an element of a Section 1983 claim). Consequently, the doctrine of

*respondeat superior*—supervisor liability—is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). "[S]upervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Backes v. Village of Peoria Heights, Illinois*, 662 F.3d 866, 870 (7th Cir. 2011). For example, merely ruling against a prisoner on an administrative grievance is insufficient for liability to attach. *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007); *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006). Therefore, the second amended complaint must be reviewed relative to each named defendant's involvement and the claims of conspiracy and/or a policy or practice of deliberate indifference.

In the absence of such a unifying or connecting thread, Plaintiff's many claims regarding individual incidents of behavior may be subject to severance pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir.2007).[2] Whether there is some connection between all of the individual treatment incidents is also key to determining whether Plaintiff has alleged a continuing violation—which may save him from the two-year statute of limitations period applicable to his claims. *See Devbrow v. Kalu*, 705 F.3d 765 (7th Cir. 2013).

**Count 3—Conspiracy**

Count 3 alleges that there was or is a conspiracy among all 27 named defendants, pursuant to the policies and practices that have denied Plaintiff adequate medical care for his serious medical needs (*see* Doc. 15, p. 14). "To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon

---

[2] In *George*, the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George*, 507 F.3d at 607 (citing 28 U.S.C. § 1915(b), (g)).

him." *Sow v. Fortville Police Dept.*, 636 F.3d 293, 304–05 (7th Cir. 2011). "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Id.* at 305 (quoting *Hernandez v. Joliet Police Dept.*, 197 F.3d 256, 263 (7th Cir.1999)).

Claims of conspiracy necessarily require a certain amount of factual underpinning to survive preliminary review. *See Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008) (quoting *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006)). The bald assertion in the second amended complaint that there was a conspiracy fails to satisfy the *Twombly* pleading standard. There is nothing to suggest a meeting of the minds between any, let alone all, of the 27 defendants, who are spread throughout the IDOC, three prisons, and Wexford. Therefore, Count 3 will be dismissed without prejudice.

**Count 2—Policy and Practice**

When considering whether the actions or inaction of the individual defendants stems from the policies and practices of IDOC and prison supervisory officials and/or Wexford Health Sources, it must be remembered that, as detailed above, Section 1983 requires personal liability and the *respondeat superior* doctrine is inapplicable. This remains so, even though the Court of Appeals for the Seventh Circuit recently questioned the principle that private corporations—even those providing a service on behalf of a state or municipal entity, like Wexford—do *not* face liability under the *respondeat superior* doctrine. *See Shields v. Illinois Dep't of Corr.,* 746 F.3d 782 (7th Cir. 2014).

The complaint alleges that cost-containment policies motivated medical treatment decisions and the decisions of supervisory officials not to insist that Plaintiff was treated

properly.  At this early juncture, too little is known about who had authority over treatment decisions and who made and/or adhered to what policies and practices.  Without this information, the Court cannot conclusively determine that Count 2 fails to state a claim against any of the defendants against whom a claim of individual liability is stated in Count 1.  Therefore, Count 2 shall proceed generally.  As a result, Count 2 can serve as a possible thread connecting all of the individual treatment decisions, which could qualify Plaintiff's situation as a "continuing violation" and save some acts from the statute of limitations.  *See Heard v. Sheahan*, 253 F.3d 316, 317-320 (7th Cir. 2001).

**Count 1-Individual Acts**

Although the Court has already concluded that the allegations pertain to what appear to qualify as "serious medical needs," a review of the second amended complaint reveals that colorable claims have been stated against *only* the following defendants:  Arthur Funk (*see* Doc. 15, p. 7, ¶ 31); Nikki Malley (*see* Doc. 15, p. 7, ¶ 31); Warden Harrington (*see* Doc. 15, p. 9, ¶ 41); Warden Atchison (*see* Doc. 15, p. 7, ¶ 31);  Medical Director John Coe (*see* Doc. 15, p. 9, ¶ 45); Wexford Health Sources (*see* Doc. 15, p. 8, ¶ 39); Debbie Denning (*see* Doc. 15, p. 7, ¶ 31); Charles Fasano (*see* Doc. 15, p. 7, ¶ 31); Dr. Fuentes (*see* Doc. 15, p. 6, ¶ 22); S.A. Godinez (*see* Doc. 15, p. 7, ¶ 31); Pam Grubman (*see* Doc. 15, p. 7, ¶ 31); S. Nwaobasi (*see* Doc. 15, p. 7, ¶ 36); Jaclyn O'Day (*see* Doc. 15, p. 7, ¶ 31); Reynolds (*see* Doc. 15, p. 9, ¶ 43); N. Saneth (*see* Doc. 15, p. 20); Dr. Robert Shearing (*see* Doc. 15, p. 8, ¶ 40); J. Shepard (*see* Doc. 15, p. 7, ¶ 33); and Louis Shicker (*see* Doc. 15, p. 7, ¶ 31). [3]

Colorable claims have *not* been stated against the defendants set forth below, for the reasons that follow.  If a claim of individual involvement has not been pleaded against a

---

[3] References to paragraphs in the second amended complaint regarding each defendant are not exhaustive of the alleged involvement of each individual.

defendant in Count 1, that person necessarily must be dismissed from Count 2, the policies and practice claim—meaning that that defendant must be dismissed from the action as a whole.

Terri Anderson, who sits on the IDOC Administrative Review Board, allegedly denied Plaintiff's grievance, finding it procedurally premature (see Doc. 15, p. 6, ¶ 25). Merely ruling against a prisoner on an administrative grievance is insufficient for liability to attach. *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007); *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006). Anderson will, therefore, be dismissed with prejudice.

It is alleged that upon his arrival at Stateville Correctional Center, Plaintiff informed Nurse D. Hardy that he had a hernia and bullets in his body, but she failed to give him any medical care or pain medication. This bare claim that Hardy did not infer that Plaintiff needed treatment and medication does not reasonably state a deliberate indifference claim. Nurse Hardy will be dismissed without prejudice.

The allegations regarding John Does #1-4 fail to reasonably suggest deliberate indifference; John Does #1-4 will be dismissed without prejudice. John Doe #1, a medical technician, did not offer Plaintiff pain medication, but did refer Plaintiff to see a doctor (*see* Doc. 15, p. 6, ¶ 26). John Doe #2, who worked in the healthcare unit in an unspecified capacity, offered no treatment and no medication, but did refer Plaintiff to a surgeon (*see* Doc. 15, p. 6, ¶ 27). John Doe #3, a nurse, did not offer treatment or medication but did refer Plaintiff to a physician's call line (*see* Doc. 15, p. 7, ¶ 34). John Doe #4, a Wexford employee who responded to a letter from Plaintiff, merely wrote that the facility and regional medical directors considered Plaintiff's treatment to be medically appropriate (*see* Doc. 15, p. 8, ¶ 39).

Similarly, the claims against Nurse Practitioner M.A. Kohring, Medical Technician S. Mays, Nurse D. Morris, and Nurse Sendall fail to suggest deliberate indifference; those

defendants will be dismissed without prejudice. Kohring gave Plaintiff only ibuprofen for his pain (*see* Doc. 15, p. 7, ¶ 35). Mays only scheduled Plaintiff to see a doctor (*see* Doc. 15, p. 5, ¶ 19). Nurse Morris failed to chart plaintiff's hernia on the transfer log, which suggests at worst negligence (*see* Doc. 15, pp. 5-6, ¶ 21). Nurse Sendall merely referred Plaintiff to a doctor, rather than giving him treatment or medication (*see* Doc. 15, p. 7, ¶ 32).

## Disposition

The Clerk of Court is **DIRECTED** to have the docket properly reflect that **ARTHUR FUNK, NIKKI MALLEY, WARDEN HARRINGTON, WARDEN ATCHISON, and PAM GRUBMAN** are defendants to the second amended complaint.

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNT 3**, the conspiracy allegation, is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Defendant **TERRI ANDERSON** is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Defendants **NURSE D. HARDY, JOHN DOES #1-4, NURSE PRACTITIONER M.A. KOHRING, MEDICAL TECHNICIAN S. MAYS, NURSE D. MORRIS and NURSE SENDALL** are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that **COUNTS 1 and 2** shall **PROCEED** against Defendants **ARTHUR FUNK; NIKKI MALLEY; WARDEN HARRINGTON; WARDEN ATCHISON; MEDICAL DIRECTOR JOHN COE; WEXFORD HEALTH SOURCES; DEBBIE DENNING; CHARLES FASANO; DR. FUENTES; S.A. GODINEZ; PAM GRUBMAN; S. NWAOBASI; JACLYN O'DAY; REYNOLDS; N. SANETH; DR. ROBERT SHEARING; J. SHEPARD; and LOUIS SHICKER**.

The Clerk of Court shall prepare for Defendants **ARTHUR FUNK; NIKKI MALLEY; WARDEN HARRINGTON; WARDEN ATCHISON; MEDICAL DIRECTOR JOHN COE; WEXFORD HEALTH SOURCES; DEBBIE DENNING; CHARLES FASANO; DR. FUENTES; S.A. GODINEZ; PAM GRUBMAN; S. NWAOBASI; JACLYN O'DAY; REYNOLDS; N. SANETH; DR. ROBERT SHEARING; J. SHEPARD; and LOUIS SHICKER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received

by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), if all parties consent to such a referral.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED:  November 25, 2014**

                                                              **NANCY J. ROSENSTENGEL**
                                                              **United States District Judge**