IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JARYAN GILLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-CV-791-NJR-DGW |
| | ) |
| ARTHUR FUNK, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson entered on May 20, 2015 (Doc. 107). Magistrate Judge Wilkerson recommends that the undersigned deny Plaintiff Jaryan Gills's Motion for Preliminary Injunction (Doc. 90). Plaintiff filed a timely objection on May 29, 2015 (Doc. 109). For the reasons set forth below, Magistrate Judge Wilkerson's Report and Recommendation is adopted in its entirety.

## Background

Plaintiff Jaryan Gills, an inmate currently housed at Stateville Correctional Center ("Stateville"), brought this action alleging deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Specifically, Plaintiff alleges that prison officials and medical personnel at Stateville, Menard Correctional Center, and Lawrence Correctional Center have failed to adequately treat his inguinal hernia and four bullet

fragments lodged in his body since his incarceration began in 2011.

On March 26, 2015, Plaintiff filed a Motion (Doc. 90) seeking a preliminary injunction compelling Defendants to send him to an outside specialist for surgery to repair his inguinal hernia and remove the bullet fragments from his body. Plaintiff asserts that he is in chronic pain and that his medical conditions severely restrict his daily activities.

On May 6, 2015, Magistrate Judge Wilkerson held an evidentiary hearing on Plaintiff's Motion. At the hearing, Plaintiff testified regarding the limitations on his daily activities caused by his medical conditions. Defendants elicited testimony from Dr. Obaisi, the Medical Director at Stateville, who testified that surgical repair for a hernia is an elective procedure and is only necessary if there are attendant complications – none of which are present with respect to Plaintiff's hernia. Regarding the bullet fragments, Dr. Obaisi testified that they are stable and superficial.

## Conclusions of the Report and Recommendation

Based on the evidence before the Court, Magistrate Judge Wilkerson found that Plaintiff failed to establish the elements required to obtain a preliminary injunction. Magistrate Judge Wilkerson was mindful of the discomfort associated with Plaintiff's inguinal hernia and lodged bullet fragments. However, the extensive medical records detailing the care Plaintiff has received since 2011, as well as the testimony elicited at the hearing, indicated that Plaintiff's likelihood of success did not warrant injunctive relief. Moreover, Magistrate Judge Wilkerson held that the evidence did not support a

finding that Defendants have acted with deliberate indifference to Plaintiff's serious needs given that Plaintiff has received regular treatment for his medical conditions.

## Discussion

The undersigned must undertake a *de novo* review of the Report and Recommendation because a timely objection was filed. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the district judge to "give fresh consideration to those issues to which specific objections have been made" and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Harper*, 824 F.Supp. at 788 (citing 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)); *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788. Pursuant to 28 U.S.C. § 636(b), however, where neither timely nor specific objections to the Report and Recommendation are made, this Court need not conduct a de novo review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985).

A. *Legal Standard for Obtaining a Preliminary Injunction*

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of

persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997). The purpose of such an injunction is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). In order to obtain a preliminary injunction, Plaintiff has the burden of establishing that: (1) he is likely to succeed on the merits of his claim; (2) he has no adequate remedy at law; and (3) he is likely to suffer irreparable harm without the injunction. *Planned Parenthood of Indiana, Inc. v. Comm'r of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012), *citing Am. Civil Liberties Union of Ill. v. Alvarez,* 679 F.3d 583, 589–90 (7th Cir. 2012).

In the context of prisoner litigation, the scope of the Court's authority to enter an injunction is circumscribed by the Prison Litigation Reform Act ("PLRA"). *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunction relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer,* 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage") (internal quotation marks and citation omitted).

B. *Plaintiff's Factual Account Challenge*

Plaintiff makes a number of objections disputing Magistrate Judge Wilkerson's factual findings in the Report and Recommendation regarding the care Plaintiff has

received for his medical conditions. Specifically, Plaintiff objects that he was not first examined by a physician at Lawrence in April 2011 and that he refused sick calls (Doc. 109). While the Court has taken note of Plaintiff's objections, it does not factor into the Court's consideration of the Report and Recommendation because the particular facts to which Plaintiff objects were rather inconsequential to Magistrate Judge Wilkerson's ultimate conclusion. Additionally, although Plaintiff lodges a plethora of general objections, his objections do not identify the nature of Magistrate Judge Wilkerson's alleged errors. Furthermore, Plaintiff's objections contained no citation to the record or case law, and were devoid of analysis as to why Magistrate Judge Wilkerson's erred in his recommendation.

After thoroughly reviewing Plaintiff's factual objections and the record, the Court is not persuaded that Magistrate Judge Wilkerson misapplied or failed to consider the relevant evidence before making his recommendation. The factual accounting in the Report and Recommendation is both thorough and accurate. Accordingly, the Court accepts Magistrate Judge Wilkerson's factual findings in their entirety.

C. *Plaintiff is Unlikely to Succeed on the Merits*

To establish an Eighth Amendment claim for deliberate indifference to a serious medical need, there are "two high hurdles, which every inmate-plaintiff must clear." *Dunigan ex rel. Nyman v. Winnebago County*, 165 F.3d 587, 590 (7th Cir. 1999). First, the plaintiff must demonstrate that his medical condition is "objectively, sufficiently

serious." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005), *citing Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (internal quotations omitted). Second, the plaintiff must demonstrate that a state official acted with a sufficiently capable state of mind. *Greeno*, 414 F.3d at 653. A prisoner also must demonstrate that the prison official "knew of a substantial risk of harm to the innate and disregarded the risk." *Id*.

Plaintiff generally objects to Magistrate Judge Wilkerson's conclusion that he is unlikely to succeed on the merits of his claim for deliberate indifference. At the crux of Plaintiff's objections, he believes his current treatment is inadequate, and therefore, he believes he will likely succeed on the merits of his deliberate indifference claim. The Court is mindful that Plaintiff suffers from discomfort associated with his inguinal hernia and bullet fragments – medical conditions which are sufficiently serious. Having considered Plaintiff's objections, however, the Court agrees with Magistrate Judge Wilkerson that Plaintiff is unlikely to succeed on the merits of his claim because there is no indication in the record that Defendants have been deliberately indifferent to Plaintiff's medical needs. Plaintiff has received, and continues to receive, medical care for his conditions. Furthermore, the record reflects that Plaintiff was recently referred to an outside specialist for a surgical evaluation. Regarding the bullet fragments, the evidence establishes that the condition is stable. While Plaintiff believes surgery is necessary, the Eighth Amendment does not confer a constitutional right on inmates to demand specific care. *Kendrik v. Frank*, 310 F.App'x 34, 38 (7th Cir. 2009).

Plaintiff's assertion that his conditions necessitate different treatment boils down to an unsubstantiated disagreement with Defendants' professional judgment. It is well-established that an inmate's mere disagreement with the course of his medical treatment does not constitute an Eighth Amendment claim of deliberate indifference. *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). The Court finds there is no basis for a conclusion that the treatment Plaintiff currently receives is so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment. Therefore, the Court agrees with Magistrate Judge Wilkerson's conclusion that Plaintiff has not met his burden of establishing that he is likely to succeed on the merits of his deliberate indifference claim.

D. *Plaintiff is Not Likely to Suffer Irreparable Harm*

Additionally, Plaintiff generally objects to Magistrate Judge Wilkerson's finding that he is unlikely to suffer irreparable harm without the injunction. Having considered Plaintiff's objections, the Court agrees with Magistrate Judge Wilkerson that the evidence before the Court does not support Plaintiff's allegations of irreparable harm. The record demonstrates that although Plaintiff's hernia has increased over time, this increase is typical and does not indicate that surgery is medically necessary. Importantly, Plaintiff's hernia is not incarcerated, strangulated, or irreducible. Other than his own assertions, Plaintiff has provided no evidence to the contrary. Again, it is well established that preliminary injunctions are an "extraordinary and drastic remedy" requiring the movant to demonstrate its justification by a clear showing. *Mazurek*, 520

U.S. at 972.  The Court agrees with Magistrate Judge Wilkerson's analysis that Plaintiff has failed to reach his threshold burden for injunctive relief.

## Conclusion

For the reasons set forth above, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 107).  Plaintiff's Motion for Preliminary Injunction (Doc. 90) is **DENIED.**

**IT IS SO ORDERED.**

**DATED: July 15, 2015**

/s/Nancy J. Rosenstengel
**NANCY J. ROSENSTENGEL**
**United States District Judge**