IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JARYAN GILLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:13-cv-791-NJR-DGW |
| | ) |
| ARTHUR FUNK, et al., | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a). For the reasons set forth below, it is **RECOMMENDED** that the Motion for Summary Judgment filed by Dr. Arthur Funk (Doc. 110) be **GRANTED**, and that the Court adopt the following findings of fact and conclusions of law.

FINDINGS OF FACT

Plaintiff Jaryan Gills, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), currently incarcerated at Stateville Correctional Center, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants were deliberately indifferent to his serious medical needs while he was incarcerated at Menard and Lawrence Correctional Centers. More specifically, Plaintiff alleges that defendants denied him surgery for his inguinal hernia and refused to remove bullet fragments lodged in his body. After the Court's initial screening of

Plaintiff's complaint pursuant to 28 U.S.C. §1915A, he was allowed to proceed on his deliberate indifference claim against the following defendants: Menard Health Care Unit Administrator Nikki Malley, Menard Warden Richard Harrington, former Menard Warden Michael Atchison, Chief of Programs Debbie Denning, IDOC Director S. A. Godinez, IDOC Medical Coordinator Charles Fasano, IDOC Chief of Constituent Services Jaclyn O'Day, Medical Director Louis Shicker, and Pam Grubman (hereinafter collectively referred to as the "IDOC Defendants"), as well as Dr. Arthur Funk, Medical Director Dr. John Coe, Dr. Fe Fuentes, Dr. S. Nwaobasi, Medical Director Dr. Robert Shearing, Dr. John Shepard, and Wexford Health Sources, Inc. (hereinafter referred to as the "Wexford Defendants").

On June 2, 2015, Defendant Dr. Arthur Funk filed a motion for summary judgment on the issue of exhaustion (Doc. 110)[1] arguing that Plaintiff failed to properly exhaust his administrative remedies with regard to the claim brought against him prior to Plaintiff filing this lawsuit. Plaintiff timely filed his response to Defendant's motion on June 22, 2015 (Doc. 119).

Importantly, Defendant does not dispute that Plaintiff filed grievances concerning the medical treatment received for his hernia and lodged bullet fragments; however, Defendant contends that Plaintiff's grievances did not name, describe, or mention him, nor did Plaintiff indicate when he allegedly deprived Plaintiff of a constitutional right. More specifically, it is undisputed that Plaintiff filed two grievances on September 13, 2011, (Doc. 113-3, pp. 6-7, 11-12) complaining about his medical treatment. In the first of these grievances, Plaintiff writes that

---

[1] The motion before the Court was originally filed by defendants Coe, Fuentes, Shearing, Shepard, Wexford, and Funk; however, on November 10, 2015, these defendants sought to withdraw their affirmative defense of exhaustion (Doc. 149) and the Court granted their motion to withdraw on November 13, 2015 (Doc. 154). Accordingly, the Court only considers Defendant Funk's motion for summary judgment.

he has had a hernia in his groin area for two years and has not received adequate treatment (*Id.* at 6-7). In the other September 13, 2011 grievance, Plaintiff writes that he has four bullet fragments lodged in his body that are painful and "sitting on the surface" and, despite submitting numerous sick call slips regarding this condition, he has not been treated (*Id.* at 11-12). Plaintiff submitted these grievances directly to the Menard Warden as an emergency and, after the Warden determined that an emergency was not substantiated, appealed the decision to the ARB, which received the grievances on September 26, 2011. The ARB responded to these grievances on November 4, 2011 without a decision on the merits due to Plaintiff's failure to provide a copy of the counselor and grievance officer's responses (*Id.* at pp. 3, 8).

Plaintiff also filed a February 25, 2013 grievance, wherein he reiterates his complaints about his hernia and bullet fragments and indicates that he has not received a response to his prior grievances dated September 13, 2011 and December 10, 2012[2] (Doc. 15, pp. 20-23). In this grievance, Plaintiff indicates he has been seen by several doctors, including Drs. Fahim, Shepard, Fuentes, and Nwabasi, as well as a nurse practitioner, but they have done "little to nothing" to address his hernia and lodged bullet fragments and the attendant pain and other symptoms these conditions cause. Plaintiff also submitted this grievance directly to the Menard Warden as an emergency and, after the Warden determined that an emergency was not substantiated, appealed the decision to the ARB, which received this grievance on April 10, 2013. The ARB had not yet responded to this grievance at the time Plaintiff filed this lawsuit on August 5, 2013. The Court notes that although this grievance includes a reference to a December 10, 2012 grievance, there

---

[2] There is no record of Plaintiff's December 10, 2012 grievance; however, at the Pavey Hearing, Plaintiff testified that this grievance was similar in content to his February 25, 2013 grievance and he attempted to submit this grievance to his counselor, but never received a response.

Page **3** of **9**

is no record of such a grievance before the Court.

*Pavey Hearing*

Pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the Court held a hearing on the issue of exhaustion on November 18, 2015. At the hearing, counsel for Defendant Dr. Funk proffered argument on his behalf, explaining that Defendant was a Regional Medical Director for Wexford during all times relevant. Importantly, Defendant was never a medical director at Menard, nor was he ever stationed at Menard. Accordingly, Defendant proffered that he never treated, examined, or evaluated Plaintiff. Plaintiff did not dispute Defendant's assertions regarding his position and affirmatively acknowledged the same. Indeed, Plaintiff indicated that he named Defendant Funk as a defendant in this lawsuit because of his decision-making capacity as the Regional Director for Wexford in Illinois and admitted that he had never been treated by Defendant for any medical condition.

### CONCLUSIONS OF LAW

*Summary Judgment Standard*

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v.*

*Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004).  A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."  *Celotex,* 477 U.S. at 323.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Id.*  The Seventh Circuit has stated that summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events."  *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

*Exhaustion Requirements under the PLRA*

> The Prison Litigation Reform Act provides:
>
> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).  *See also Perez v. Wis. Dept. of Corr.*,182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983).  Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006).  This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting

*Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding that the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. In *Pavey*, the Seventh Circuit instructed District Courts to conduct a hearing to determine whether a Plaintiff has exhausted his remedies. *Id.* 544 F.3d at 742. If a Plaintiff has exhausted his remedies, the case will proceed on the merits. If, however, a Plaintiff has not exhausted, the Court may either allow Plaintiff to exhaust or terminate the matter.

*Exhaustion Requirements under Illinois Law*

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor. ILL. ADMIN. CODE TIT. 20, § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id.* §504.810(b). The grievance form shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of the complaint. *Id.* § 504.810(b). The grievance officer is required to advise the Chief Administrative Officer ("CAO" – usually the Warden) at the facility in writing of the findings on the grievance. *Id.* § 504.830(d). The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed, where reasonably feasible under the circumstances. *Id.* § 504.830(d). An inmate may appeal the decision of the CAO in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). An inmate's administrative

remedies are not exhausted until the appeal is ruled on by the Administrative Review Board. *See Id.* The Administrative Review Board shall make a final determination of the grievance within six months after receipt of the appealed grievance, where reasonably feasible under the circumstances. *Id.* § 504.850(f).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the CAO. If the CAO determines there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken. *Id.* §504.840. If, after receiving a response from the CAO, an offender feels that the grievance has not been resolved, he may appeal in writing to the ARB within 30 days after the date of the CAO's decision. *Id.* § 504.850(a).

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id.* Prisoners are required only to provide notice to "responsible persons" about the complained-of conditions. *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*,

458 F.3d at 684.

*Discussion*

Based on the evidence adduced and arguments made at the hearing, it is recommended that the Court find Plaintiff failed to exhaust his administrative remedies as to Defendant Dr. Arthur Funk prior to filing this lawsuit.

Based on the testimony at the Pavey Hearing, it is apparent that Defendant Funk never treated, examined, or evaluated Plaintiff for any medical condition. As such, even if the Court adopted a most liberal reading of Plaintiff's grievances and found them sufficient to exhaust against any medical personnel who treated his hernia and/or bullet fragments, his complaints about his medical treatment cannot be attributed to Defendant Funk and the grievances are insufficient to exhaust against this Defendant.

The Court, however, finds it necessary to address Plaintiff's contention that he filed suit against Defendant Funk because he had "decision-making capacity." Said statement seems to imply that Plaintiff is asserting a policy or practice claim against this Defendant. Even accepting Plaintiff's proposition as true, his grievances are insufficient to exhaust against Defendant Funk. Again, Plaintiff does not name or describe Defendant Funk in any of his grievances. Moreover, Plaintiff makes no mention of any particular policy or practice instituted by this Defendant in his grievances and, insofar as Plaintiff's claims are related to the actions or inaction of individual defendants stemming from a policy or practice, said policy or practice may be attributed to the IDOC or Wexford, both of whom are either named or adequately represented in this lawsuit. Accordingly, any policies and practices grieved about and complained of in this lawsuit may be adequately remedied by these entities.

## RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Motion for Summary Judgment filed by Arthur Funk (Doc. 110) be **GRANTED**; that Defendant Funk be **DISMISSED WITHOUT PREJUDICE**; and that the Court adopt the following findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: December 14, 2015**

                                              **DONALD G. WILKERSON**
                                              **United States Magistrate Judge**