IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JARYAN GILLS, | ) | |
| | ) | |
|       Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:13-CV-791-NJR-DGW |
| | ) | |
| ARTHUR FUNK, NIKKI MALLEY, RICHARD HARRINGTON, MICHAEL ATCHINSON, MD JOHN COE, WEXFORD HEALTH SOURCES, DEBBIE DENNNING, CHARLES FASANO, DR. FUENTES, S.A. GODINEZ, S. NWAOBASI, JACLYN O'DAY, REYNOLDS, DR. ROBERT SHEARING, J SHEPARD, LOUIS SHICKER, and PAM GRUBMAN, | ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
|       Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 164), which recommends that this Court grant Defendant Funk's Motion for Summary Judgment (Doc. 110). The Report and Recommendation was entered on December 14, 2015. No objections have been filed.

Plaintiff Jaryan Gills, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this action pursuant to 42 U.S.C. § 1983 on August 5, 2013. Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs while he was incarcerated at Menard and Lawrence Correctional Centers. More specifically, Plaintiff alleges that Defendants denied him surgery for an inguinal hernia

and refused to remove bullet fragments lodged in his body.

Defendant Funk filed a motion for summary judgment on June 2, 2015, arguing that Plaintiff failed to properly exhaust his administrative remedies with regard to the claim brought against him prior to filing this lawsuit (Doc. 110). Defendant does not dispute that Plaintiff filed grievances, but he claims that he was not named, described, or mentioned in the grievances and argues that Plaintiff does not indicate when Defendant allegedly deprived him of his constitutional rights. Plaintiff timely filed his response to Defendant's motion on June 22, 2015 (Doc. 119).

As required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Wilkerson held an evidentiary hearing on Defendant's motion on November 18, 2015. Following the *Pavey* hearing, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 164). Objections to the Report and Recommendation were due on or before January 4, 2016. No objections were filed.

Where timely objections are filed, the Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 291, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). A judge may then "accept, reject, modify, in whole or in part, the findings or recommendations made by

the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has carefully reviewed Magistrate Judge Wilkerson's Report and Recommendation. Magistrate Judge Wilkerson thoroughly discussed the evidence and the Court fully agrees with his findings, analysis and conclusions with respect to the issue of exhaustion. Accordingly, the Court finds that Plaintiff failed to exhaust his administrative remedies with respect to Defendant Funk prior to filing this lawsuit.

Accordingly, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 164) and **GRANTS** Defendant Funk's Motion for Summary Judgment (Doc. 110). Defendant Funk is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

**DATED: January 28, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**